```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


JOSEPH LEE JONES,

                          Plaintiff,

vs.                                          Case No. 20-2522-SAC

DOUGLAS COUNTY SHERIFF'S
OFFICE, et al.,

                          Defendants.
```

**O R D E R**

While this case was in state court, prior to removal, plaintiff filed a motion for a restraining order. Doc. No. 1-3. The motion asks that "defendants not . . . work in the same cellhouse at the jail of the plaintiff." A motion for injunctive relief under Fed.R.Civ.P. 65 seeks drastic and extraordinary relief for which the movant must demonstrate clear entitlement. Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); Oltremari v. Kan. Social & Rehabilitative Serv., 871 F.Supp. 1331, 1344 (D.Kan. 1994). A movant must show: (1) irreparable injury absent injunctive relief; (2) the threatened injury outweighs the harm the proposed injunction may cause the opposing parties; (3) the injunction would not be adverse to the public interest; and (4) a substantial likelihood of prevailing on the merits. Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).

Plaintiff's motion fails to address the elements necessary to warrant an injunction order from the court.  The proposed relief also runs contrary to the deference courts must show toward prison administration.  See Doe v. Heil, 533 Fed.Appx. 831, 843-44 (10th Cir. 2013).

For these reasons, the motion for restraining order shall be denied.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge