IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

               Plaintiff,

vs.                                                Case No. 20-2522-SAC

DOUGLAS COUNTY SHERIFF'S
OFFICE, et al.,

               Defendants.

**O R D E R**

This case has been removed to this court. Plaintiff, <u>pro se</u>, is an inmate at the Douglas County Jail. Although it is somewhat unclear from the filings before the court, the following persons appear to be intended as defendants: Randy Roberts; Jay Armbrister; Chase Reiling; and Cory Roberson. Because he is seeking relief from a governmental entity or employee, screening of his case is mandated by 28 U.S.C. § 1915A. The parties and/or counsel should be familiar with the court's screening standards. See <u>Jones v. Board of Commissioners of Douglas County</u>, Case No. 20-2363, Doc. No. 98 at pp. 2-4.

The court observes the following. First, plaintiff's petition (Doc. No. 1-2) does not follow the requirements of K.S.A. 60-210(a) or Fed.R.Civ.P. 10(a) because the caption does not appear to name all the defendants. The only defendant listed in the caption is the "Douglas County Sheriff."

Second, plaintiff makes a conclusory allegation of failure to train against defendant Armbrister. This fails to state a claim for relief. See Sweat v. Rickards, 712 Fed.Appx. 769, 774 (10th Cir. 2017); Glaser v. City and County of Denver, Colo., 557 Fed.Appx. 689, 702-03 (10th Cir. 2014).

Third, plaintiff alleges that defendant Reiling acted in retaliation by barring plaintiff from donating plaintiff's used local newspapers. Plaintiff alleges no facts to support an illegal retaliatory motive by Reiling. Therefore, plaintiff has not stated a claim for relief for retaliation. Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). Plaintiff also makes a general claim that his First Amendment rights have been violated.[1] He has failed to state a claim, however, because he has not pleaded facts from which a plausible inference can be drawn that the Douglas County Jail authorities' actions are not related to a legitimate penological interest. Khan v. Barela, 808 Fed.Appx. 602, 607 (10th Cir. 2020)(concerning First Amendment claims among other claims).

Fourth, there are no specific allegations describing a claim against Randy Roberts.

Finally, plaintiff alleges that defendant Roberson on July 16, 2020 failed to stop a fight among inmates, including plaintiff,

---

[1] Plaintiff does not have standing to allege that the First Amendment rights of other inmates have been violated. Sherratt v. Utah Dept. of Corrections, 545 Fed.Appx. 744, 747 (10th Cir. 2013).

2

and did not intervene until after a second attack when plaintiff showed he was bleeding and needed medical attention. Plaintiff does not allege when Roberson had knowledge of the fight or how long the fight lasted. He does not allege how many officers were available to stop the fight or how many inmates were fighting. He does not allege whether weapons were involved. He does not allege whether a call for backup was made or when it was made. Plaintiff's cursory allegations fail to describe deliberate indifference to a serious risk of harm, as opposed to mere negligence. Therefore, plaintiff has failed to state a claim for relief under federal law. See McDaniels v. McKinna, 96 Fed.Appx. 575, 580 (10th Cir. 2004); Daniels v. Schnurr, 2019 WL 3996411 *5 (D.Kan. 8/23/2019); Brown v. Dorneker, 2008 WL 3334025 *5 (D.Kan. 8/8/2008).

Under these circumstances the court shall direct plaintiff to show cause by November 23, 2020 why this case should not be dismissed for the reasons stated in this order. In the alternative, plaintiff may file a proposed amended complaint by November 23, 2020, which corrects the deficiencies in the original petition. Meanwhile, the court shall suspend the time for any defendant to file an answer or otherwise respond to the complaint until further order by the court.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2020, at Topeka, Kansas.


                              s/Sam A. Crow_____
                              U.S. District Senior Judge