IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

              Plaintiff,

vs.                                      Case No. 20-2522-SAC

JAY ARMBRISTER, et al.,

              Defendants.

**O R D E R**

This case has been removed to this court.  Plaintiff, <u>pro se</u>, is an inmate at the Douglas County Jail and his allegations concern events in the jail.  On October 28, 2020, the court screened plaintiff's complaint and directed plaintiff to show cause by November 23, 2020, why this case should not be dismissed or, in the alternative, file a proposed amended complaint.  Doc. No. 6.  Plaintiff filed an amended complaint which is now before the court for screening pursuant to 28 U.S.C. § 1915A.  Plaintiff has also filed a motion for preliminary injunction (Doc. No. 9) with a memorandum in support – Doc. No. 11.  The parties and/or counsel should be familiar with the court's screening standards.  See <u>Jones v. Board of Commissioners of Douglas County</u>, Case No. 20-2363, Doc. No. 98 at pp. 2-4.

Plaintiff names the following defendants in his complaint: Jay Armbrister, Gary Bunting, Chance Rieling, Corey Robinson, and

1

"Officer Garcia."  The court shall number and summarize plaintiff's claims in the amended complaint as follows:  1) defendants negligently failed to enforce a mandate not to watch fights on television; 2) Officer Garcia, the head of classification, in June 2020 moved plaintiff from a minimum to a medium level where plaintiff was involved in a fight in July 2020; 3) that defendant Roberson "acted carelessly and negligently" when he observed arguing and a fight between plaintiff and an inmate named Turner, but failed to order the inmates to lockdown or tried to stop the fight; 4) that "officials" negligently placed plaintiff, a mentally ill plaintiff, with more dangerous convicted inmates; 5) that defendant Rieling solicited an inmate to assault plaintiff in January 2020 in retaliation against plaintiff's filing of lawsuits;[1] 6) that defendant Rieling threatened plaintiff with punishment for donating used newspapers for other inmates to read; and 7) that defendant Armbrister failed to fire Rieling and Roberson and negligently failed to retrain all the jail's officers.

The court finds that plaintiff's claims fail to state a plausible federal law violation for the following reasons.  First, plaintiff's negligence claims fail to state a federal cause of action.  Plaintiff's federal claims are brought under 42 U.S.C. § 1983 which authorizes civil lawsuits against persons acting under

---

[1] Plaintiff does not assert that the inmate allegedly solicited by Rieling actually assaulted plaintiff.

2

color of state law for violations of constitutional rights or rights under federal law.  It is well-established that negligence does not support a claim for a § 1983 violation.  See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015); Rost ex rel. K.C. v. Steamboat Springs RE-2 School Dist., 511 F.3d 1114, 1126 (10th Cir. 2008); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).  Therefore, claims 1, 2, 3, 4, and 7 fail to state a federal claim for relief.

Second, to allege an unconstitutional failure to prevent harm, plaintiff must allege facts showing an officer's act or omission that was objectively, sufficiently serious and resulted in the denial of the minimal civilized measure of life's necessities.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Also, the prison official must have a sufficiently culpable state of mind, i.e., deliberate indifference to an inmate's health and safety.  Id.  Plaintiff has failed to allege facts showing that defendants involved in claims 1, 2, 4, 5 and 7 participated in actions or omissions which objectively led to a serious risk of harm to plaintiff or denied him the minimal civilized measure of life's necessities.  Plaintiff is not constitutionally entitled to a particular classification level inside the jail.  Prison administrators are accorded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and

to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). This discretion extends "to housing in general and cell assignments in particular." Quick v. Mann, 170 Fed.Appx. 588, 590 (10th Cir. 2006).

Third, plaintiff's claims 3, 5, 6 and 7 regarding a failure to protect, retaliation, and failure to train are also deficient, as explained in the court's previous screening order (Doc. No. 6, pp. 2-3), because they are stated in a conclusory fashion without the factual detail necessary to describe a plausible claim. Plaintiff's allegations indicate that defendant Roberson forced a stop to the fight with Turner when plaintiff called for help. Doc. No. 8, p. 4. Plaintiff alleges no facts indicating that defendant Rieling knew of and was retaliating against plaintiff's legal filings, or that this inhibited plaintiff's access to the courts. And, plaintiff fails to allege facts showing that the used newspaper policy was unconstitutional whether it was properly promulgated or merely enforced in accordance with defendant Rieling's desires. See Jones v. Board of County Commissioners, 2020 WL 6134261 *5 (D.Kan. 10/19/2020)(no constitutional right to free newspapers, citing cases).

As discussed above, plaintiff's amended complaint fails to state a federal claim for relief. Ordinarily, when only state claims remain, the court will dismiss the state claims without prejudice. U.S. v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002).

4

In a properly removed case, the court may remand a case back to state court when the federal claims are eliminated, or dismiss the state law claims without prejudice.  Schwab v. Ingels, 2020 WL 2037049 *10 (D.Kan. 4/28/2020); Howard v. Burlington Coat Factory, LLC, 2007 WL 2746784 *3 (D.Kan. 9/20/2007).  Since this case is in its earliest stages, the court shall dismiss plaintiff's state claims without prejudice.  This action renders moot plaintiff's motion for preliminary injunction.

In conclusion, the court shall dismiss the federal claims in this case because plaintiff has failed to state a federal claim for relief.  The court shall dismiss any state law claims without prejudice.  Plaintiff's for a preliminary injunction or temporary restraining order (Doc. No. 9) is denied as moot.  Upon entry of judgment in accordance with this order, this case shall be closed.

**IT IS SO ORDERED.**

Dated this 2nd day of December 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

5