IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                Plaintiff,

vs.                                             Case No. 20-2522-SAC

JAY ARMBRISTER, et al.,

                Defendants.

## **O R D E R**

On December 2, 2020, the court issued an order dismissing this action for failure to state a claim. Doc. No. 13. This case is now before the court upon plaintiff's motion for injunctive relief and temporary restraining order (Doc. No. 14), which was filed on December 3, 2020, and a motion to alter and amend the judgment (Doc. No. 15) which was filed on December 10, 2020.

Plaintiff's motion for injunctive relief, which we assume was written prior to the court's order dismissing this case, does not address the dismissal order and the reasons the court gave for dismissing this action.[1] These reasons, which are discussed in Doc. No. 12 and in the court's orders at Doc. Nos. 98 and 116 in Case No. 20-2363, demonstrate that plaintiff's request for injunctive relief does not warrant approval even if considered as a motion to alter or amend judgment.

---

[1] The motion challenges the Douglas County Jail's policy against newspaper donations.

1

A motion to alter or amend under Fed.R.Civ.P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019). Grounds warranting Rule 59(e) relief include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are not meant for "revisit[ing] issues already addressed or advance[ing] arguments that could have been raised in prior briefing." Nelson, 921 F.3d at 929 (quoting Servants of Paraclete, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." Id. at 929.

Plaintiff's motion to alter or amend judgment (Doc. No. 15) accuses the court of overlooking a claim that a jail officer refused to accept outgoing legal mail. The court does not see such a claim in plaintiff's amended complaint (Doc. No. 8). Therefore, the motion to alter or amend should be denied. See Dean v. Bay City, 239 Fed.Appx. 107, 111 (6th Cir. 2007)(a party may not use a motion under Fed.R.Civ.P. 59(e) to raise a new claim). The court also notes that plaintiff has litigated several cases in this court in 2020. Plaintiff does not allege facts plausibly showing that interference with legal mail has resulted

in an actual injury by frustrating, impeding or hindering his efforts to pursue a legal claim. This is more grounds to deny the motion to alter or amend. See Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006).

Plaintiff's motion also asserts that the court misapprehended his claims regarding a fight between plaintiff and another inmate named Turner. Plaintiff alleges that a defendant jail officer named Roberson wanted to watch a fight on television (although this was prohibited by jail policy) and wanted to watch plaintiff and Turner fight about watching the televised fight. The amended complaint also alleges that defendant Roberson made an effort to break up the fight when plaintiff called for help. Doc. No. 8, p. 4. Plaintiff's alleges negligence and carelessness in the amended complaint and in his motion to alter or amend. As the court stated in Doc. No. 12, pp. 2-3, such allegations will not support a § 1983 claim. Plaintiff does not allege facts plausibly showing deliberate indifference to a serious risk to plaintiff's well-being. Therefore, the court finds that plaintiff has failed to show a clear error, the need to correct manifest injustice, or other grounds justifying a modification of the order dismissing this case.

For the above-stated reasons, plaintiff's motion for injunctive relief (Doc. No. 14) and plaintiff's motion to alter or amend judgment (Doc. No. 15) shall be denied.

**IT IS SO ORDERED.**

Dated this 14th day of December 2020, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge