IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

          Plaintiff,

vs.                                              Case No. 20-2522-SAC

JAY ARMBRISTER, et al.,

          Defendants.

**O R D E R**

This case was removed from state district court. The federal claims in this case were dismissed for failure to state a claim on December 2, 2020. Doc. No. 12. In the same order, the court dismissed plaintiff's state law claims without prejudice. Plaintiff has appealed that order. The court dismissed a motion to alter and amend on December 14, 2020 (Doc. No. 16) and a second pleading, treated as a motion for reconsideration, on December 29, 2020 (Doc. No. 21).

On January 7, 2021, plaintiff has filed a "Motion to Reopen Case" (Doc. No. 26) which plaintiff states is a response to Doc. No. 21. Plaintiff asserts generally that he should have been permitted to amend his complaint. He also claims that this case should have been remanded to the state district court and, perhaps paradoxically, that his rights can only be observed in federal court.

1

The court has the discretion to dismiss plaintiff's state law claims without prejudice after finding that his federal law claims must be dismissed for failure to state a claim.  See Bhattacharya v. Suny Rockland Comm. Church, 719 Fed.Appx. 26, 28 (2nd Cir. 2017); Kach v. Hose, 589 F.3d 626, 650 (3rd Cir. 2009); Woods v. Wal-Mart, 1997 WL 527668 *3 (10th Cir. 8/27/1997); Edmondson & Gallacher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1267 (D.C.Cir. 1995); Schreiner v. Hodge, 2015 WL 7574755 *3 (D.Kan. 11/25/2015).  Given the sometimes confusing and evolving nature of plaintiff's pleadings in this case and other cases he has filed in the past year, the court believes it better serves the interests of justice and clarity to dismiss his state law claims without prejudice so that plaintiff has the opportunity to start fresh, as opposed to ordering remand of this case to the state court.  The court is not convinced that plaintiff will suffer undue prejudice from this action.

Plaintiff's other broadly stated arguments do not address the court's findings in Doc. No. 21 or demonstrate grounds to reconsider the rulings made therein.  Nor do they describe, after multiple bites of the apple, grounds to alter or amend the court's order to dismiss this case.

Therefore, plaintiff's motion to reopen case (Doc. No. 26) shall be denied.

**IT IS SO ORDERED.**

Dated this 11th day of January 2021, at Topeka, Kansas.


                        s/Sam A. Crow_____
                        U.S. District Senior Judge